NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3233

HARISH RASTOGI,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Harish Rastogi, of Riverside, California, pro se.

Steven J. Abelson, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3233

HARISH RASTOGI

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Petition for review of the Merit Systems Protection Board decision SF-0752-07-0614-I-1.

_____

DECIDED: October 10, 2008

_____

Before MAYER, FRIEDMAN, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

The appellant Harish Rastogi challenges the Merit Systems Protection Board ("Board")'s dismissal, for lack of jurisdiction, of his appeal challenging his retirement from federal service as involuntary. We affirm.

I

Rastogi retired from the Air Force as an engineer in June 2007. At the time he had been continuously employed at an Air Force base since 1979, except for brief service in Germany. From October 1980 until May 2005, he was Chief of Engineering at the base.

When Rastogi returned from Germany in 2004, his immediate supervisor was Pamela Hann and his second-level supervisor was Martin Mamawal. As Chief of Engineering, Rastogi supervised then Chief of Design, Chung Kim, whom he had originally hired as an engineer in 1986.

In early 2005, Mamawal stated that he would transfer to a different base. In April, 2005, anticipating that she would succeed to Mamawal's position, Hann expressed concern about the workload. She asked Rastogi to come to her house over the weekend to discuss how they might cooperate to manage the work. Id. at 2-3. Rastogi alleged that he told Hann that the request seemed inappropriate and made him uncomfortable and walked out of her office.

Shortly after that, Mamawal informed Rastogi that he was reassigning Rastogi and Kim to each other's position. The result was that Kim now supervised Rastogi. The reassignment did not change Rasotogi's grade or compensation.

Following Rastogi's filing of a complaint with the Equal Employment Opportunity Commission alleging that the Air Force had discriminated against him based on sex and had subjected him to a hostile work environment – a complaint he subsequently withdrew – he was suspended for three days for unprofessional conduct toward his supervisor and for failing to follow instructions.

Rastogi retired effective June 1, 2007. Twelve days later he filed a complaint with the Board challenging his retirement as involuntary and describing it as a "Constructive Discharge."

On the government's motion, the Board's administrative judge dismissed the appeal because Rastogi had not alleged non-frivolous facts that established the Board

had jurisdiction. In her initial decision, which became final when the Board refused to review it, Rastogi v. Dep't of the Air Force, No. SF-0752-07-0614-I-1 (Mar. 20, 2008), the administrative judge discussed in detail the evidence and Rastogi's contentions, and "f[ou]nd" that he had "failed to make non-frivolous allegations of fact which, if proven, could show the agency made his working conditions so difficult that a reasonable person in his situation would have felt compelled to retire."

II

The Board generally lacks jurisdiction to review an employee's retirement (or resignation) because such action ordinarily is voluntary and therefore is not government adverse action against the employee. There is a "narrow" exception to this principle, Staats v. U.S. Postal Service, 99 F.3d 1120, 1124 (Fed. Cir. 1996): the Board has jurisdiction "if the employee proves, by a preponderance of the evidence, that his … retirement was involuntary and thus tantamount to forced removal." Shoaf v. Dep't of Agric., 260 F.3d 1336, 1341 (Fed. Cir. 2001) (citations omitted).

For a removal to have been "forced," the government must have made the employee's situation so intolerable that the "employee had no realistic alternative but to resign or retire." Shoaf, 260 F.3d at 1341. To establish Board jurisdiction under such a claim, the employee must satisfy a "demanding legal standard." Staats 99 F.3d at 1124. It is not enough that "an employee decides to resign or retire because he does not want to accept a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave." Id.

The appellant has the burden of proving the Board has jurisdiction. Rice v. MSPB, 522 F.3d 1311, 1314 (Fed. Cir. 2008); 5 C.F.R. § 1201.56(a)(2)(i). To do so, he must first make a non-frivolous allegation of facts sufficient to establish jurisdiction; if he does, then he is entitled to a hearing at which he must establish jurisdiction by a preponderance of the evidence. See Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

We agree with the Board that Rastogi failed to allege facts sufficient to show that the Board had jurisdiction over his appeal. His factual allegations did not establish that his working conditions were so intolerable that a reasonable employee would have concluded that he had no realistic choice but to retire.

As the Board concluded, what Rastogi's factual allegations showed was no more than disputes between an employee and his supervisors or the exercise of normal supervisory authority in a way that the employee did not like. It is not pleasant if a supervisor's position and duties are changed so that someone he previously had supervised becomes his supervisor. That is not sufficient, however, to make the former supervisor's retirement involuntary or coerced.

Although Rastogi apparently contends that Hann's suggestion that he come to her house over the weekend to discuss work management created a hostile work environment that required him to retire, he did not retire until two years after the incident. He also argues that his work environment made him ill, and submitted a physician's statement that he had high blood pressure. That statement, however, did not indicate that he should stop working. Finally, Rastogi attempts to ground the Board's jurisdiction on his claim that he was subject to discrimination. Although the

Board may adjudicate a claim of discrimination, it may do so only if it has jurisdiction on some other ground. See Cruz v. Department of the Navy, F.2d 1240, 1251-53 (Fed. Cir. 1991) (en banc).

The decision of the Board dismissing Rastogi's appeal for lack of jurisdiction is

AFFIRMED.